DOMINION NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 52165. Promulgated June 15, 1932.

*W. H. Robertson, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

ARUNDELL: There is some difference between the parties as to the cash surrender value of the Smith brothers' policies and the amount of the annual premiums. The following brief description of the policies is taken from the testimony of petitioner's president and indicates how we arrived at the amounts set out in the findings of fact:

| Insured | Face amount | Cash surrender value, 1928 | Annual premium |
|---|---|---|---|
| Bert E. Smith | $5,000 | $954.80 | $177.00 |
| Clyde E. Smith | 5,000 | 717.05 | 167.00 |
| W. E. Smith | 2,000 | 817.34 | 109.76 |
| Do | 1,000 | 416.36 | (Paid up) |
| Do | 2,000 | 534.02 | 72.02 |
| Do | 2,000 | 508.88 | 70.78 |
| Total | 17,000 | 3,948.45 | 596.56 |

Petitioner now concedes that it is not entitled to a bad debt deduction on account of the Smith brothers' indebtedness of more than the difference between the cash surrender value of the policies in 1928 and the amount of the debt charged off in that year. In our opinion this difference, $3,147.55, ($7,096 less $3,948.45) constitutes a proper deduction as representing a debt ascertained to be partially worthless and charged off. The security held by petitioner, consisting of the insurance policies, was worth only $3,948.45 in the taxable year, and it is established that the debt, in so far as it exceeded that amount, was uncollectible. The petitioner was under no obligation to hold the policies until some future time when they would be worth more, and we see no reason why a charge-off should not be permitted in the year of ascertainment of worthlessness. The respondent relies on *John Cadwalader et al.*, 15 B. T. A. 1, in which the creditor held insurance policies with a face value of $80,000 against an indebtedness of an equal amount. In the year of ascertainment of worthlessness the policies had a cash surrender value of $24,586. The distinguishing feature of the two cases is that the *Cadwalader* case arose under the Revenue Act of 1918, which made no provision for charging off a debt only partially worthless, and for that reason we refused to allow a bad debt deduction. In *Northern National Bank*, 16 B. T. A. 608, the creditor held as security a term insurance policy on the life of the debtor, which policy had no cash surrender value,

but had a face value in excess of the amount of the debt. The debtor disappeared in 1918 and at the close of the year, at the direction of the bank examiner, the debt was charged off. In that case the creditor continued to hold the policy, paying the premiums, and ultimately, upon the death of the insured, collected the principal sum named in the policy. In that case we allowed as a bad debt deduction for 1918 the full amount of the indebtedness, and it is authority for allowing here a deduction of the difference between the cash surrender value of the policies and the amount of the debt.

In the *Cadwalader* case, *supra*, we held that the creditor was entitled to deduct the premiums paid to keep the policies alive. It was pointed out in that case that, the debt and the principal sum of the policies being equal amounts, the creditor could never recover more than the original debt. We further said:

This is unlike situations where the principal amounts of the policies are in excess of the indebtedness and there is therefore the prospect of recovering both the indebtedness and the premiums paid. It is also unlike those cases where the taxpayer is the owner of the policy on which the premiums are paid, in which case the premiums serve to increase his equity. In this case the greatest amount which it will be possible to collect will be the amount loaned.

The respondent says that under the quoted language, where there is a possibility of recovering the amount of the premiums paid in addition to the indebtedness, the premiums are not deductible. The quotation given does not so hold, and, while the inference suggested by respondent may readily be drawn, it was not necessary to the decision and we do not regard it as controlling.

While it is true that the assignee of a policy of life insurance which he holds to secure a debt of the insured may retain out of the proceeds a sufficient amount to reimburse him for premiums paid plus interest in addition to the amount of the debt (*First National Bank of Roanoke* v. *Speece*, 99 Va. 194; 37 S. E. 843), it is also true that petitioner here was under no duty to continue paying the premiums. It might have allowed the policies to lapse at any time, and taken the cash surrender value of the amount less than the debt. In that event it would not have been reimbursed for its expenditures for premiums. It is well known that the cash surrender value of life insurance does not increase dollar for dollar with the premium paid. We regard the premiums paid as an ordinary and necessary expense incurred by petitioner with the hope of ultimately recovering the full amount of the indebtedness, and in our opinion the payments made in 1928 aggregating $596.56 should be allowed as a deduction.

*Decision will be entered under Rule 50.*