**FIRST NAT. BANK & TRUST CO. OF TULSA v. JONES, Collector of Internal Revenue.**

**No. 2908.**

Circuit Court of Appeals, Tenth Circuit.

July 6, 1944.

---

[1] This fact is established expressly in Edward J. Gay Planting & Mfg. Co. v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 452.

Benjamin C. Conner, of Tulsa, Okl. (John M. Winters, Jr., of Tulsa, Okl., on the brief), for appellant.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and Lester L. Gibson, Sp. Assts. to Atty. Gen., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

The First National Bank and Trust Company of Tulsa[1] is a national banking association. During the years 1933, 1934, and 1935, H. C. Tyrrell was indebted to it in approximately the sum of $300,000. He had assigned to the Bank certain policies of insurance on his life to secure such indebtedness. In 1933, the Bank paid premiums on such policies aggregating $4,771.75. Tyrrell gave his notes to the Bank in the amount of such premium payments. The Bank paid premiums on such policies in the amount of $2,912.42 in 1934, and $544.84 in 1935. No notes were given by Tyrrell covering the premiums paid by the Bank in 1934 and 1935 but prior to such payments Tyrrell orally agreed to reimburse the Bank therefor.

Immediately on making such payments of premiums the Bank charged them off on its books. It also charged off on its books $31,615.40 of Tyrrell's indebtedness in 1933 and $30,000 of such indebtedness in 1934.

In 1936, a settlement was entered into between the Bank and Tyrrell and the latter's entire indebtedness to the Bank was canceled.

The Bank deducted, as debts ascertained to be worthless and charged off, the amounts advanced by it for such insurance premiums in the years 1933, 1934, and 1935 in its respective income tax returns for such years, but such deductions resulted in no tax benefit to the Bank. In its income tax return for 1936, the Bank reported such amounts as income recovered upon bad debts. In 1940, it filed a claim for refund based on the contention that such recoveries were not taxable income since it received no tax benefit from the deductions of such debts in 1933, 1934, and 1935. It also asserted other claims for refunds. The claim for refund was denied and the Bank instituted this action to recover on such claim.

It was stipulated that the sole question presented was whether the insurance premiums were deductible as bad debts or business expense and if they were deductible as bad debts the Bank was entitled to judgment for $2,494.68, and if they were deductible as business expense the Bank was entitled to judgment for $1,260.33.

The trial court found that at the times the Bank advanced the premium payments it had no reasonable hope or expectancy that Tyrrell would reimburse it for such advancements. The evidence and the reasonable inferences to be drawn therefrom support that finding and it is not clearly erroneous.

The Bank has appealed from a judgment in its favor for $1,260.33.

Advancements made for insurance premiums, without reasonable hope or expectancy of repayment, are not debts and are deductible, not as bad debts[2] but as ordinary and necessary business expense when proper business precaution justifies such advancements.[3]

The judgment is affirmed.

[1] Hereinafter called the Bank.

[2] W. F. Young, Inc., v. Commissioner, 1 Cir., 120 F.2d 159, 163; Reading Co. v. Commissioner, 3 Cir., 132 F.2d 306, 310; Eckert v. Burnet, 283 U.S. 140, 141, 51 S.Ct. 373, 75 L.Ed. 911; Id., 2 Cir., 42 F.2d 158, 159.

[3] Lock, Moore & Co., Ltd., v. Commissioner, 7 B.T.A. 1008, 1013; Dominion National Bank v. Commissioner, 26 B.T.A. 421.