**MEYER v. UNITED STATES.**

No. 199, Docket 21257.

United States Court of Appeals
Second Circuit.

Argued March 10, 1949.
Decided June 1, 1949.

Henry Woog, New York City, for plaintiff-appellant.

John F. X. McGohey, United States Attorney, New York City, John M. Cunneen, New York City, of counsel, for defendant-appellee.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant sued to recover a part of the income taxes she paid in the years 1940 and 1941 and this appeal from an adverse judgment presents identical issues for each year. They are whether she was entitled to a deduction for the amounts she paid, under the following circumstances, as premiums on two policies of insurance on the life of her son.

The appellant is the widow of Jonas Meyer who died in 1939 leaving a will in which she was the sole legatee. At the time of his death he was, and for some years had been, a co-partner in business with his, and the appellant's son, A. Edwin Meyer. The partnership articles provided,

among other options given the son, which could be exercised successively, that upon the death of Jonas Meyer the surviving partner might elect to continue the business himself and have the benefit of the use of the decedent's investment in it, not in excess of $85,000, during the time the son managed the business, though not for longer than ten years and with provisions for partial liquidation of this interest before the ten-year period expired. The decedent's estate was bound to allow the investment to remain under these conditions and the additional one that it should have no voice in the management of the business. It was entitled to be paid interest on the amount left in the business together with a fixed percentage of the net profits each year. The son was not to become a debtor of his father's estate and the interest thus left in the business was to be at risk and liable for claims of creditors. The son elected to continue the partnership business under the terms of the option above outlined. Not until 1945 was this asset of the estate transferred formally to the appellant.

When he died, the father also held the absolute assignment of two policies of insurance on the life of his son in the total principal sum of $25,000. In 1940 these policies, which then had a substantial cash surrender value, were assigned by the executors to the appellant. She continued the insurance and paid the two premiums here involved.

No deductions were taken for these premiums in the years they were paid on the theory that they were not incurred in carrying on a trade or business within Section 23(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (1), as it then was. However, Section 23(a) of the Internal Revenue Code was amended by Section 121 of the Revenue Act of 1942 by the addition of what is now Section 23(a) (2), I. R. C. to provide for the deduction of non-trade or non-business expenses and the amendment was made sufficiently retroactive to include the years here involved.

Mrs. Meyer then filed timely claims for refunds and after their disallowance brought this suit. The case was tried by the court upon a stipulation of facts supplemented by oral testimony of the appellant and her son. The facts so stipulated have already been summarized in so far as is presently necessary except that the decedent's interest in the business was over $80,000 when he died and that the appellant paid $83.39 more in 1940 and $72.65 more in 1941 than term insurance for the same amount would have cost. The appellant testified that she had had no business experience and acted solely on the advice of her son. The son testified that he was operating the former partnership business alone and that when the policies were assigned to his mother he told her to continue them "* * * because I have been running the business, and if anything happened to me she would suffer a loss in winding up the business without my services * * *"

The trial judge failed to find that the appellant "continued the policies in effect for the purpose of protecting her limited and defeasible interest in the business." He was of the opinion that her payment of the premiums was at least as consistent with a purpose to protect her in the event of his death from the financial consequences of the loss of a son who might support her if necessary. The decision accordingly turned cn a question of fact. Meyer v. United States, D.C., 80 F.Supp. 933.

Perhaps the inference was justified despite the testimony of the appellant's witnesses and the fact that some protection against possible loss in the business investment was inherent in the situation. However, if no part of the deduction would be allowable had the finding been the opposite, the correctness of the finding of fact is immaterial as a matter of law. And so it seems desirable to decide whether as a matter of law any part of the payments which may be allocable to the protection of the business investment is deductible, assuming the premiums to have been paid in whole or in part for the protection of her investment.

We think no part of either of those payments is allowable as a deduction for the following reasons: Section 23(a) (2), under which they are claimed, was added in 1942 to provide relief for individual taxpayers paying or incurring ordinary and necessary expenses "during the taxable year for the production or collection of income,

or for the management, conservation, or maintenance of property held for the production of income," similar to that which had been available, under Sec. 23(a) (1), which became 23(a) (1) (A), to those carrying on a trade or business. The two subdivisions are in pari materia. Trust of Bingham v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175; Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 151 A.L.R. 1336. At the time subdivision (a) (2) was made a part of the statute, Sec. 24(a) (4) was in effect as it had been since 1924. It made non-deductible premiums paid by a taxpayer on any life insurance policy covering the life of " * * * any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy." It thus carved out an exception to the deductions allowable for "ordinary and necessary" expenses paid or incurred by a taxpayer in trade or business. When subdivision (a) (2) was added to allow non-business taxpayers deductions described and limited in part by the words "ordinary and necessary" those words had already acquired a special meaning in (a) (1) because of their limitation by Sec. 24(a) (4). They should be presumed to have the same meaning they had thus acquired when used in subdivision (a) (2). "When the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place." Lewellyn v. Harbison, 3 Cir., 31 F.2d 740, 742. If both (a) (1) and (a) (2) had been in Section 23 when Section 24(a) (4) was passed there would be force to the argument that the limitation in Section 24(a) (4) should be confined to Section 23(a) (1) because the language fits precisely only thus far. But when effect is given to the fact that Section 23(a) (2) was merely added while Section 24(a) (4)

was left as it was, we think it plain enough that Congress intended to impose like restrictions upon the deduction of expenses paid or incurred for life insurance by individual taxpayers not in trade or business. See Davis v. Commissioner, 8 Cir., 151 F.2d 441, certiorari denied 327 U.S. 783, 66 S. Ct. 682, 90 L.Ed. 1010. One evident purpose of the limitation in respect to persons in trade or business was the avoidance of a double tax benefit resulting from the circumstance that the proceeds of such insurance paid upon the death of the insured are not taxable under Section 22(b) (3). This reason applies with equal force whenever the taxpayer is directly or indirectly a beneficiary under the policy when the insurance covers the life of any person comparable to an officer or employee or one financially interested in a business carried on by the taxpayer who is insured at the expense of the taxpayer to protect the taxpayer from loss, through the consequences flowing from his death, in respect to the management, conservation, or maintenance of property held for the production of income.

■ Thus far we have assumed that the taxpayer was not in trade or business by virtue of the particular investment interest she took, under the provisions of her husband's will and the election of her son, in the business conducted by the latter. The opposite view would, however, lead to the same result. Although the son did not formally elect to have the business conducted as a partnership as he might have done under the terms of his partnership agreement with his father, the option he did select gave this taxpayer a relationship to the business which has no substantial legal difference from that of a limited partner as defined in Section 99 of the New York Partnership Law, McK.Consol.Laws, c. 39. In this sense she was carrying on a trade or business and the deduction was explicitly forbidden by Section 24(a) (4).

Affirmed.