**Donald B. JONES & Mercy P. Jones, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 11802.

United States Court of Appeals Third Circuit.

Argued March 22, 1956.

Decided April 6, 1956.

**656**

John P. Lipscomb, Jr., Washington, D. C. (Edward J. Harney, Jr., Washington, D. C., for petitioners; Donald B. Jones, Newark, N. J., pro se and for petitioner, Mercy P. Jones, on the brief), for petitioners.

Walter R. Gelles, Washington, D. C. (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attys, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court holding certain life insurance premiums paid by the taxpayer not to be deductible for income tax purposes under section 23(a) (2) of the Internal Revenue Code of 1939, 26 U.S.C. § 23(a) (2). The taxpayer had purchased for investment certain contingent remainder interests in two estates and in connection therewith had taken out the insurance policies in question upon the lives of the contingent remaindermen whose interests he had purchased. He did so to protect his investments in case the remaindermen should not survive the life tenants. Both contingent remaindermen did survive the life tenants and the taxpayer in fact received the remainder interests which they had assigned to him.

The Tax Court held that the proceeds of the insurance policies would have been exempt from taxation under section 22(b) (1) of the Internal Revenue Code of 1939 if the taxpayer had collected them and that, therefore, the deduction for tax purposes of the premiums paid thereon was prohibited by section 24(a) (5) of the Code. The reasons for this conclusion are fully stated by Judge Black in his opinion for the Tax Court, 25 T.C. ——. We are in accord with what is there said and need only add that we regard the cases cited by the taxpayer which involved life insurance carried by a creditor on the life of his debtor[1] as inapposite. These cases might be in point if the contingent remaindermen here involved had covenanted with the taxpayer to save him from loss in case they predeceased the life tenants and had taken out and assigned to him the insurance policies in question as collateral security for the performance of these covenants. Here, however, the contingent remaindermen made no such covenants and the taxpayer was free to carry the insurance policies and collect their proceeds upon the deaths of the contingent remaindermen without regard to whether or not they predeceased the life tenants and without regard to any relationship between the amounts of the policies and the contingent remainders.

The decision of the Tax Court will be affirmed.

---

[1]. Commissioner of Internal Revenue v. Charleston Nat. Bank, 4 Cir., 1954, 213 F.2d 45; First Nat. Bank & Trust Co. of Tulsa v. Jones, 10 Cir., 1944, 143 F. 2d 652; Dominion National Bank v. Commissioner, 1932, 26 B.T.A. 421.