**Barbara A. BROWN, Petitioner,**

v.

**NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, Respondent.***

**No. 80–2362.**

United States Court of Appeals, District of Columbia Circuit.

March 23, 1982.

---

* The court orders, sua sponte, that the caption be amended to conform with 5 U.S.C. § 7703(a)(2) (Supp. IV 1980). Respondent National Highway Traffic Safety Administration has been represented by the United States Attorney's Office in this proceeding and thus suffers no prejudice from the reformation of the caption. *See Oil, Chemical & Atomic Workers Int'l Union v. Occupational Safety & Health Review Comm'n,* 671 F.2d 643, 653 (D.C.Cir. 1982).

Charles F. C. Ruff, U. S. Atty. at the time briefs were filed, Washington, D. C., Royce C. Lamberth, Kenneth M. Raisler and Wayne P. Williams, Asst. U. S. Attys., Washington, D. C., were on motion for respondent to dismiss petition for review.

Harry Toussaint Alexander, Washington, D. C., filed an opposition to motion to dismiss.

Before WRIGHT, GINSBURG and BORK, Circuit Judges.

## ORDER

On consideration of respondent's motion to dismiss petition for review, petitioner's opposition, and the reply thereto, it is

ORDERED by the court that the motion is denied for the reasons set forth in the accompanying memorandum.

## MEMORANDUM

PER CURIAM:

Barbara A. Brown, a former employee of the National Highway Traffic Safety Administration, has petitioned for review of a decision of the Merit Systems Protection Board (MSPB) upholding her discharge. The petition for review was filed thirty days after she received notice, but thirty-five days after her designated counsel received notice of the MSPB's decision. The applicable statute requires filing of petitions for review "within 30 days after the date the petitioner received notice of the final order or decision of the Board." The Government moves to dismiss the petition as untimely filed. We deny the motion because of a prior decision of this court and the structure of the statute involved.

The applicable statute in this case is 5 U.S.C. § 7703, dealing with judicial review of decisions of the MSPB. Subsection (b)(1) establishes the Court of Claims and the courts of appeals as the proper fora for review of all MSPB decisions not dealing with discrimination. The subsection concludes: "Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."

Subsection (b)(2) addresses cases involving allegations of illegal discrimination and provides that review should occur in accordance with statutes authorizing *de novo* judicial proceedings in the district courts.[1] It concludes with a nearly identical requirement as to the time to file: "Notwithstanding any other provisions of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702 [dealing with cases involving discrimination]."

■ Generally, statutory time limits for filing petitions for judicial review are not subject to enlargement. *Microwave Communications, Inc. v. F.C.C.*, 515 F.2d 385, 389 (D.C.Cir.1974). *See* Fed.R.App.P. 26(b).

■ Though the actions of an attorney are usually imputed to the client, *Smith v. Ayers*, 101 U.S. 320, 326, 25 L.Ed. 955 (1879); *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), this court has held that notice to a legal representative does not always constitute notice to a party. In *Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977), a civil suit under that portion of Title VII of the Civil Rights Act of 1964 which extended protection to federal employees,[2] the appellant

1. 5 U.S.C. § 7703(b)(2):

    Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c) ), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c) ), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b) ), as applicable. Notwithstanding any other pro-

visions of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.

2. The Equal Employment Opportunity Act of 1972 extended to federal employees the protections against employment discrimination earlier accorded private-sector employees by Title VII of the Civil Rights Act of 1964. *See* Pub.

Bell had filed his suit in district court within thirty days of his personal notice of agency action, but more than thirty days after his counsel had received notice. This court decided that the statute required actual notice to the complainant-employee to start the running of the thirty-day period.[3]

We need not decide beyond the confines of this case whether *Bell* or the rule imputing to a party notice given a legal representative is controlling where the statute in question is not of a remedial nature in a civil rights context. Section 7703(b)(2), concerning appeals in cases involving discrimination, specifically alludes to section 717(c) of the Civil Rights Act of 1964. This is the very section considered in *Bell*. The provision in § 7703(b)(2) serves the same function as section 717(c): it authorizes *de novo* district court review of an adverse ruling by a federal agency on a claim of discrimination.[4] There is little doubt, therefore, that this court's holding in *Bell* compels the conclusion that notice under subsection (b)(2) must be actual notice to the complainant.

Given the virtual certainty, based on *Bell*, that the notice trigger in subsection (b)(2) is actual notice, the notice trigger in (b)(1) which is similarly worded should be similarly construed.[5] Any other interpretation would create a patchwork in which "the date the petitioner received notice" in (b)(1) differs from "the date the individual filing the case received notice" in (b)(2), thus creating a potential for confusion and mistakes by petitioners.

■ We hold, therefore, that when a federal employee seeks judicial review of a decision of the Merit Systems Protection Board under 5 U.S.C. § 7703(b)(1), he or she has thirty days from the date of personal receipt of notice to do so. Here, Brown's petition for review was filed exactly thirty days after she in fact received personal notice of the MSPB decision. The motion to dismiss, accordingly, is denied.

L.No. 92–261, 86 Stat. 103 (1972), 42 U.S.C. § 2000e *et seq.* (1976). The statutory scheme allows an individual to file a civil action "[w]ithin thirty days of receipt of notice of final action" taken by an applicable agency or the Equal Employment Opportunity Commission. *See* Equal Employment Act of 1972, tit. VII, § 717(c), 42 U.S.C. § 2000e–16(c) (1976).

3. The legislative history did not speak to the point. *See* 557 F.2d at 852–53 & n.28.

4. *See* S.Rep. No. 969, 95th Cong., 2d Sess. 62–63 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2784–85. *Bell* was decided before enactment of the Civil Service Reform Act of 1978, of which 5 U.S.C. § 7703 is a part. Subsection (b)(2) deals with judicial review of MSPB decisions in cases handled pursuant to section 7702. This section creates special procedures for MSPB review of actions that are both reviewable by the MSPB and alleged to involve impermissible discrimination. *See* 5 U.S.C. § 7702(a)(1). Section 717(c) of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000e–16(c)) remains an avenue for judicial review of discriminatory agency action that is not reviewable by the MSPB or which an employee chooses not to appeal to the MSPB. *See* 5 U.S.C. §§ 7702(a)(2), 7703(b)(2); 42 U.S.C. § 2000e–16(c).

5. Although Brown's case does not arise in a civil rights context, we deal with parallel provisions within the same *section* of the Act. "It is a settled principle of statutory construction that '[w]hen the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place.'" *United States v. Nunez*, 573 F.2d 769, 771 (2d Cir.), *cert. denied*, 436 U.S. 930, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978), *quoting Meyer v. United States*, 175 F.2d 45, 47 (2d Cir. 1949), *quoting Lewellyn v. Harbison*, 31 F.2d 740, 742 (3d Cir.), *cert. denied*, 280 U.S. 560, 50 S.Ct. 18, 74 L.Ed. 615 (1929).

The inference of identical meaning is less compelling when a word or phrase appears in discrete sections of an act. *See Natural Resources Defense Council, Inc. v. EPA*, 673 F.2d 400, 403 n.10 (D.C.Cir. 1982).