Climon HOSIE, Petitioner,

v.

R.D. MASSEY, et al., Respondents.

No. PCA 83–4177–WEA.

United States District Court,
N.D. Florida,
Pensacola Division.

March 21, 1984.

John Tiedemann, Asst. Atty. Gen., The Capitol, Tallahassee, Fla., for respondents.

Climon Hosie, pro se.

## ORDER

ARNOW, Senior District Judge.

This matter is before the court on the report and recommendation of the magistrate filed herein on December 29, 1983. All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code.

Any objections filed to the report and recommendation have been considered.

Accordingly, it is ORDERED as follows:

1. Respondent's motion to dismiss should be and the same is hereby granted and the petition for writ of habeas corpus is dismissed with prejudice on the ground that it constitutes an abuse of the writ.

2. The petitioner is directed to pay to the respondent court costs in the total amount of $683.15 and the clerk of this court shall enter judgment in favor of the respondents and again the petitioner in such amount.

3. Further action upon respondent's motion for initiation of criminal contempt proceedings against petitioner shall be stayed pending any further abuse by the petitioner of the writ of habeas corpus.

## REPORT AND RECOMMENDATION

ROBERT L. CRONGEYER, United States Magistrate.

The above-styled cause comes before the court upon a petition for writ of habeas corpus filed pursuant to the provisions of Section 2254, Title 28, United States Code. The respondents have filed a response to the petition and the petitioner has submitted a reply to the respondents' response. The petitioner, a state prisoner presently incarcerated at the Union Correctional Institution, Raiford, Florida, bases this petition upon allegations of ineffective assistance of counsel, insufficiency of evidence to support his conviction, and speedy trial violations.

In their response, the respondents move for dismissal of this matter or, in the alternative, for summary judgment. Accompanying the respondents' motion to dismiss are motions for referral to the United States Attorney's Office for prosecution for perjury, for initiation of prosecution for criminal contempt, and for assessment of costs.

The petitioner is no stranger to this court. It appears that this is the petitioner's fourth attempt at obtaining federal habeas corpus relief on various claims. Twice, the petitioner's habeas corpus petitions were dismissed for failure to exhaust available state remedies (PCA 80–0486, PCA 80–0574). The petitioner's third petition was dismissed with prejudice because of misrepresentations by the petitioner. This dismissal was later amended to read "without prejudice" evidently because of the court's recognition of the extra degree of latitude afforded *pro se* petitioners through *Haines v. Kerner*, 404 U.S. 519, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972) and its progeny. (PCA 82–6007)

■ Now the record reveals, and the petitioner concedes, that the allegations regarding ineffective assistance of counsel in this present case are replete with false and unfounded claims. Specifically the petitioner's allegations that his privately-retained counsel, James A. Johnston, failed to interview prosecution witnesses Bill Zachery and Mary Lewis, have been shown to be patently untrue. The petitioner, in his reply, seeks to correct these misstatements by implying that they were made due to the errors and misunderstandings of his "jail house lawyer." This court can no longer permit this petitioner to pass the blame off on his "jail house lawyer" for the blatant factual misrepresentations presented to the court. The petitioner is ultimately responsible for the actions of his representative as those actions are ultimately imputed to the petitioner. *Brown v. National Highway Traffic Safety Administration*, 673 F.2d 544 (D.C.Cir.1982); *United States v. Guerra de Aquilera*. 600 F.2d 752 (9th Cir.1979). Thus, the petitioner is bound by the acts of his "jail house lawyer" and is considered to have notice of all the facts of his case. *Cooper v. Lewis*, 644 F.2d 1077 (5th Cir.1981).

■ Although this court readily recognizes the importance of allowing a *pro se* petitioner an extra degree of latitude not normally provided an attorney skilled in the law, this court has stretched the spirit of *Haines v. Kerner, supra,* and its progeny to their utmost limits on the petitioner's behalf. The petitioner's apologies for his misrepresentation do not suffice, as this is the second occasion on which the petitioner has presented false statements in a Section 2254 action. The petitioner has patently abused the writ of habeas corpus and this court should not, and cannot, tolerate such abuse. *See, Johnson v. Massey*, 516 F.2d 1001 (5th Cir.1975). Therefore, the present petition should be dismissed with prejudice.

■ The respondents also move that this court access costs against the petitioner pursuant to Rule 54(d), Federal Rules of Civil Procedure. The respondents contend that the petitioner should be required to pay costs in the amount of $683.15 which represents $156.00 spent in obtaining state court transcripts and $527.16 spent in attorney's fees in the preparation of the respondents' response. It is noted that attorney's fees are generally only assessible as costs where the unsuccessful party acted in bad faith. *See, Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Aerosonic Corp. v. Trodyne Corp*, 402 F.2d 223, 228–29 (5th Cir.1968); *Stacy v. Williams*, 50 F.R.D. 52 (N.D.Miss.1970), *affirmed*, 446 F.2d 1366 (5th Cir.1971). The petitioner's abuse of the writ of habeas corpus may be seen as such a bad faith act as to permit this court to consider the attorney's fees in question as actual costs of this action. Although the petitioner's present ability to meet any cost assessment imposed by this court is somewhat in question, the undersigned finds this to be no obstacle to the court in assessing costs. Therefore, the undersigned recommends that this court assess costs against the petitioner in the amount of $683.15.

In addition, the respondents move the court to commence various criminal actions against the petitioner in view of the petitioner's misrepresentations and abuses of the writ. Specifically, the respondents request that the petitioner's misrepresentations be referred to the United States Attorney for the Northern District of Florida for prosecution for perjury, and also that this court initiate criminal contempt against the petitioner pursuant to 18 U.S.C. 401(3).

■ In his petition, the petitioner subscribed under penalty of perjury that the statements made in the petition were true and correct. As stated above, the record reveals that the petitioner clearly made false statements in this petition. Where a habeas prisoner subscribes to a false statement under penalty of perjury, he may be charged with perjury pursuant to 18 U.S.C. § 1621, just as if the statement were made under oath. *Dickinson v. Wainwright,*

626 F.2d 1184, 1186 (5th Cir.1980). The undersigned again finds that the petitioner's excuses that the misrepresentations were made due to the fault of his "jail house lawyer" do not reduce the petitioner's responsibility in this matter. Therefore, the undersigned also recommends that this matter be referred to the Office of the United States Attorney for the Northern District of Florida for consideration of possible prosecution of the petitioner on a charge of perjury.

■ In view of the above recommendation concerning a possible perjury prosecution, the undersigned finds that the initiation of criminal contempt proceedings by the court itself might be duplicitous and would not be in the best interest of judicial economy at this time. This court, however, it is emphasized, cannot and should not, tolerate such abuses as those presented here before it. In order to insure that this petitioner engages in no further abuse of the writ of habeas corpus, it is recommended that this court stay any action on the respondents' motion for initiation of criminal contempt proceedings, to act upon this motion in the event the petitioner seeks to abuse the writ in the future.

Title 28, U.S.C., § 636 and Local Rule 30(B) of this court permits any party to object to these proposed findings, recommendations or report within ten (10) days after being served with a copy thereof. Any objections shall be in writing and shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.

■ Any objections shall be filed with the clerk of the court and copies served on the magistrate and all other parties. Any party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to object to this report and recommendation prior to the district court's acceptance and adoption of the report and recommendation limits the scope of appellate review of factual findings. *U.S. v. Warren*, 687 F.2d 347 (11th Cir.1982); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir., Unit B, 1982); *Nettles v. Wainwright*, 656 F.2d 986 (5th Cir.1981).

Accordingly, it is now respectfully

RECOMMENDED:

1. The respondents' motion to dismiss should be granted and the petition for writ of habeas corpus should be dismissed with prejudice on the ground that it constitutes an abuse of the writ.

2. The petitioner should be directed to pay to the respondents court costs in the amount of $683.15.

3. The clerk of the court should be directed to enter judgment accordingly.

4. The clerk of the court should be directed to forward copies of this report and recommendation not only to each of the respective parties in this matter but also to the Office of the United States Attorney for the Northern District of Florida for consideration of such prosecutive action on a charge of perjury as may be deemed appropriate or necessary.

5. Further action upon the respondents' motion for initiation of criminal contempt proceedings against the petitioner should be stayed, pending any further abuses by the petitioner of the writ of habeas corpus.

At Pensacola, Florida, this 29th day of December, 1983.