Frances E. KING, Plaintiff,

v.

Elizabeth H. DOLE, et al., Defendants.

Civ. A. No. 83–2828.

United States District Court, District of Columbia.

Oct. 23, 1984.

David H. Shapiro, Kator, Scott & Heller, Washington, D.C., for plaintiff.

John H.E. Bayly, Jr., Asst. U.S. Atty., Washington, D.C., for defendant. Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., and Timothy B. Shea, of counsel, Maritime Administration, Washington, D.C., on brief for defendant.

CHARLES R. RICHEY, District Judge.

## INTRODUCTION

Before the Court is the defendants' Motion to Dismiss, opposition thereto presented by the court-appointed counsel for the plaintiff, and supplemental memoranda. For the reasons stated below, the Court has today issued an Order granting the defendants' Motion to Dismiss.

## FACTS

The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction. The defendant contends that the complaint in this action was untimely filed under the governing statute, 5 U.S.C. § 7703(b)(2), and the applicable regulations, 5 C.F.R. § 1201.173. The Court agrees.

The jurisdictional facts are not in dispute. On September 4, 1981, the plaintiff was removed from her GS–6 secretary position at the Maritime Administration in the Department of Transportation. Plaintiff appealed her termination to the Merit Systems Protection Board ("MSPB"). In this appeal the plaintiff alleged that the decision was arbitrary and capricious, that it was a form of prohibited discrimination on the basis of race, sex, and age, and that it was a prohibited form of reprisal against the plaintiff. On August 2, 1982, the MSPB presiding officer sustained the decision to remove the plaintiff. The plaintiff sought judicial review of this decision in the United States Court of Appeals for the District of Columbia Circuit.

In an unpublished opinion, the Court of Appeals determined that the presiding officer's decision contained erroneous instructions regarding how the plaintiff could obtain judicial review of that decision. The Court "remanded [the case] to the Board so that it may enter a fresh order on the basis of which Ms. King may bring a timely action in the District Court." *King v. Merit Systems Protection Board,* App. No. 82–2171 (D.C.Cir. May 19, 1983).

On July 19, 1983, the MSPB presiding officer reissued the earlier decision with an amended notice detailing how the plaintiff could obtain judicial review. Although issued on July 19, 1983, the amended notice stated that "[i]t will become a final decision of the Merit Systems Protection Board on August 23, 1983", unless a petition for review shall have been filed with the MSPB. Because the sole purpose of the remand was to instruct the plaintiff as to the proper method of obtaining judicial review, the amended notice was very clear in those instructions:

If [plaintiff] wishes to pursue a claim of discrimination in court, the action must be filed in the district court, claiming discrimination, no later than 30 days after the date shown above [August 23, 1983], upon which this initial decision becomes final, or, if petitions for agency review have been filed, no later than 30 days after a final administrative decision.

These instructions were consistent with the governing statute and regulations. Under 5 U.S.C. § 7703(b)(2), complaints for

judicial review of MSPB cases involving discrimination "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." (Section 7702 concerns MSPB review of actions involving discrimination.) The relevant MSPB regulations contain similar provisions. Under 5 C.F.R. § 1201.173:

Notwithstanding any other provision of law, all cases decided under 5 U.S.C. 7702 must be filed within 30 days after the individual received notice of the judicially reviewable action.

In the present case, because the final decision date was designated to be August 24, 1983, more than a month after the actual decision on remand, the plaintiff had to file her complaint in this Court by September 22, 1983. In fact, the plaintiff filed her complaint on September 23, 1983, one day late. The defendants contend that this untimely filing deprives the Court of jurisdiction.

The plaintiff admits that this filing is one day late. Despite her late filing, more than sixty days after the MSPB decision, and more than thirty days from the date the decision was to become a final decision, the plaintiff claims that the statutory time limit should be tolled, and her complaint should be considered timely.

## THE TIME LIMITS IN THE PRESENT CASE CANNOT BE TOLLED

The plaintiff's amended complaint presents two attacks on her discharge from employment. She claims that the termination was arbitrary and capricious under the Civil Service Law, 5 U.S.C. § 7702, and that it was an act of discrimination based on race, sex, age, and reprisal in violation of

Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e–16 *et seq.*, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a.

This case is brought under 5 U.S.C. § 7703(b)(2), noted above, which provides for judicial review of MSPB decisions concerning charges of discrimination. That section provides as follows:

Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. § 7703(b)(2).

Judicial interpretations of this section's thirty day time limit are sparse. However, the nearly identical thirty day time limit of subsection (b)(1), which concerns judicial review of MSPB decisions not involving discrimination, has been interpreted by several courts. The Court considers those interpretations instructive in the present case because the language of the two subsections is very similar.[1] Subsection (b)(1) provides as follows:

Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Not-

---

**1.** Indeed, under different circumstances, the Court of Appeals for this Circuit, while interpreting subsection (b)(1), specifically equated the nearly identical notice provisions of subsections (b)(1) and (b)(2). *Brown v. Nat'l Highway Traffic Safety Admin.,* 673 F.2d 544, 546 (D.C. Cir.1982). The Court noted that it was not faced with a civil rights case, which would be appealed under section (b)(2), but stated that, because of the similar language, the two sections should probably be subject to the same interpretation.

"It is a settled principle of statutory construction that '[w]hen the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place.'" *Brown,* 673 F.2d at 546, n. 5 (citations omitted). The same reasoning applies to the thirty day time limits of the two subsections. Because they track very similar language, they should be subject to the same interpretation.

withstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

5 U.S.C. § 7703(b)(1).

Interpreting subsection (b)(1), the Court of Appeals for this Circuit has stated that "[g]enerally, statutory time limits for filing petitions for judicial review are not subject to enlargement." *Brown v. National Highway Traffic Safety Administration*, 673 F.2d 544, 545 (D.C.Cir.1982). *Brown* went on to hold "that when a federal employee seeks judicial review of a decision of the Merit Systems Protection Board under 5 U.S.C. § 7703(b)(1), he or she has thirty days from the date of personal receipt of notice to do so." *Id.* at 546.

In *Miller v. United States Postal Service*, 685 F.2d 148 (5th Cir.1982), *cert. denied* 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983), the petitioner claimed that he mailed his petition before the end of the thirty day period. The Court held that such a mailing would not suffice under subsection (b)(1)—to be reviewable, the petition had to be *received* within the thirty day period of the statute. *Id.* at 149. Because the petition was received three days late, it was dismissed as untimely.

The Court of Appeals for this Circuit very recently reiterated that the thirty day period of the statute is jurisdictional, and not subject to enlargement:

"Notwithstanding any other provision of law," section 7703(b)(1) declares, such petitions "must be filed within 30 days after the date the petitioner received notice of the final order or decision" of the arbitrator. This requirement is jurisdictional, *Miller v. United States Postal Service*, 685 F.2d 148, 149 (5th Cir.1982); *Parton v. MSPB*, 684 F.2d 530, 533 (8th Cir.1982) (*per curiam*); *Boehm v. Foster*, 670 F.2d 111, 113 (9th Cir.1982) (*per curiam*), and the statutorily specified filing period is not subject to enlarge-ment, *Brown v. National Highway Traffic Safety Administration*, 673 F.2d 544, 545 (D.C.Cir.1982) (*per curiam*); see Fed.R.App.P. 26(b).

*Devine v. White*, 697 F.2d 421, 429 (D.C. Cir.1983).

The plaintiff asserts that, because this case involves claims based on discrimination in violation of the Civil Rights Acts, rather than an appeal of a straight personnel decision by the MSPB, the statutory limitations periods should be subject to equitable tolling. The plaintiff relies on *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *Zipes* held that the statutory requirement that a timely charge of employment discrimination be filed with the Equal Employment · Opportunity Commission in order for a Title VII suit to be maintained in a district court was not a jurisdictional prerequisite. Rather, that statutory time period was subject to the principles of waiver, estoppel, and equitable tolling. 455 U.S. at 393, 102 S.Ct. at 1132.

*Zipes* did not consider the statutory sections presently before the Court. *Zipes* permitted tolling of the initial administrative filing for employees, but it did not address court filing requirements. The rationale for the *Zipes* decision was that strict compliance was inappropriately required where " 'laymen, unassisted by trained lawyers, initiate the process.' " 455 U.S. at 397, 102 S.Ct. at 1134 (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)). The statute at issue here, 5 U.S.C. § 7703, is not intended to be the layman's first, unassisted encounter with the administrative procedure. Indeed, *Zipes* does not apply to the comparable provisions of Title VII. The most relevant provision of Title VII is § 717(c), 42 U.S.C. § 2000e–16, which section is specifically incorporated in § 7703(b)(2).[2] Section 717(c) establishes a thirty day filing limitation after a party receives notice of final action taken by the

---

**2.** Section 7703(b)(2) provides that cases such as this "shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16(c))." 5 U.S.C. § 7703(b)(2). Indeed, the plaintiff herein proceeds under that section. Complaint ¶ 2.

Equal Employment Opportunity Commission. As shown below, that section of Title VII is jurisdictional.

■ In *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the district court dismissed the complaint because the plaintiff did not file within thirty days as required by § 717(c), 42 U.S.C. § 2000e–16. The Supreme Court upheld the dismissal. 425 U.S. at 835, 96 S.Ct. at 1969. Although *Brown v. GSA* did not specifically address the possibility of equitable tolling, this Circuit has clearly held that the thirty day limitation is jurisdictional. *Hofer v. Campbell*, 581 F.2d 975, 977 (D.C.Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979); *Richardson v. Wiley*, 569 F.2d 140, 142 (D.C.Cir.1977). Even after *Zipes*, this provision has been held to be jurisdictional. *Miller v. Smith*, 584 F.Supp. 149, 153 (D.D.C.1984). Thus it is clear that the *court* filing requirements, as distinguished from the time limitations for initiating an action before an administrative agency, are jurisdictional and not subject to enlargement. Because § 7703(b)(2) specifically incorporates § 717(c) of the Civil Rights Act of 1964, these holdings apply with equal force to actions seeking review of MSPB decisions under § 7703(b)(2).

Similarly, the language of the statute itself compels the conclusion that the time limit is not subject to tolling. *See* 5 U.S.C. § 7703(b)(2). That section first states that any discrimination case seeking review of a MSPB decision shall be brought under Title VII, the Age Discrimination in Employment Act, or the Fair Labor Standards Act. The section then clearly states that *"[n]otwithstanding any other provision of law*, any such case filed under any such section *must* be filed within 30 days . . . ."* Plainly the equitable tolling principles of *Zipes* do not apply to actions brought under this section. And, as hereinbefore stated, the pertinent regulations contain the same mandatory language. 5 C.F.R. § 1201.173.

■ The Court concludes, therefore, that the thirty day time limit of 5 U.S.C. § 7703(b)(2), like the thirty day limits of § 7703(b)(1) and 42 U.S.C. § 2000e–16, is jurisdictional, and not subject to enlargement. *E.g. Brown v. NHTSA, supra; Miller, supra.* The equitable tolling principles of Title VII, which might apply to a layman's initiation of the formal complaint process, are inapposite.

## EVEN IF THE STATUTE IS NOT JURISDICTIONAL, TOLLING IS NOT WARRANTED IN THIS CASE

■ Even if the principles of waiver, estoppel, and equitable tolling apply to judicial review, under § 7703(b)(2), of MSPB decisions, the facts of this case hardly compel the court to exercise its discretion in favor of the plaintiff. The plaintiff received the MSPB's decision, after the remand, on July 25, 1983. Although the statute states that the petitioner has 30 days from the receipt of the notice to file in court, the MSPB letter explicitly informed the plaintiff that she had thirty days from August 23, 1983 in which to file her complaint. Thus, plaintiff was advised on July 25 that she had a total of *fifty-nine* days, not just the statutory thirty days, in which to file her complaint. Under such circumstances, it is clear that the MSPB was being extremely lenient, because of the Court of Appeals' remand, to explain to the plaintiff her avenue for judicial relief. The plaintiff cannot be heard to complain about an application of the timeliness provisions of the statute under such circumstances of lenity. Particularly in this case, where the Court of Appeals specifically remanded to have the MSPB correctly inform the plaintiff of her opportunity for judicial review of its decision, and where the MSPB clearly explained the plaintiff's course of action, the plaintiff has no reasonable excuse for her untimely filing.

## CONCLUSION

The case law is clear that the time limits of 5 U.S.C. § 7703(b) are jurisdictional, and not subject to enlargement. The rationale of the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), does

not compel a different result. *Zipes* speaks to plaintiffs who do not know where to turn in the first instance to seek relief from discrimination. *Zipes* does not concern plaintiffs, such as the plaintiff herein, who have already taken their grievances to the Court of Appeals, and who have specific instructions on where and when to file suit to redress an adverse administrative decision. Moreover, even if the equitable tolling of *Zipes* applies to plaintiffs who proceed under 5 U.S.C. § 7703(b)(2), this case is not one in which the statutory time limits should be tolled. The MSPB generously granted the plaintiff nearly double the time in which to file a suit to review its decision, but the plaintiff missed even that deadline. That the plaintiff only missed it by one day does not, on the facts of this case, compel any different conclusion. Accordingly, the Court has issued an Order, of even date herewith, granting the defendants' Motion to Dismiss.