**Frances E. KING, Appellant**

v.

**Elizabeth H. DOLE, Secretary of Transportation, et al.**

**No. 84–5817.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 22, 1986.

Decided Feb. 4, 1986.

As Amended on Denial of Rehearing and Rehearing En Banc April 4, 1986.

---

David H. Shapiro, Washington, D.C., for appellant.

Michael J. Ryan, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence and John H.E. Bayly, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellees.

Before WALD, SCALIA and STARR, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Frances King appeals from the district court's order dismissing the suit she filed 31 days after the Merit Systems Protection Board's ("MSPB") order affirming her removal from her civil service position became final. The district court held that the suit was not filed within the 30 day period provided by the applicable provision of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7703(b)(2), and that since that statute is "jurisdictional," as opposed to a statute of limitations, the 30 day limit is not subject to equitable enlargement. *King v. Dole*, 595 F.Supp. 1140 (D.C.Cir.1984), *reprinted in* Joint Appendix ("J.A.") at 4–9. The court also held that even if equitable enlargement were an available legal option, there was no showing in this case that the equities warranted extension.[1] *Id.* at 9–10. We affirm the district court's holding that the time limit may not be enlarged, and thus do not review its determination that the equities did not warrant extension.

"Generally, statutory time limits for filing petitions for judicial review are not subject to enlargement." *Brown v. National Highway Traffic Safety Administration*, 673 F.2d 544, 545 (D.C.Cir.1982). This court has held that the timeliness provision of an analogous section, 7703(b)(1),[2]

---

1. The district court based this conclusion, in part, on the extraordinary degree of notice that appellant had. After she originally sought review of the MSPB order directly in this court, we remanded to the MSPB, ordering it to "enter a fresh order on the basis of which King may bring a timely action in the District Court." *King v. Dole*, No. 82–2171 (D.C.Cir. May 19, 1983) (per curiam). Given this history, and the nature of the "fresh order," the district court concluded that appellant had more than adequate notice and opportunity to file a timely claim.

2. Section 7703(b)(1) provides that, except as provided in section 7703(b)(2), an employee or applicant adversely affected or aggrieved by a final order or decision of the MSPB may obtain judicial review in the United States Court of Appeals for the Federal Circuit. Section 7703(b)(2), in turn, provides that cases involving allegations of discrimination are to be filed under the applicable anti-discrimination statutes—in district court. If a case involves both discrimination and other allegations, it is termed a "mixed" case, and is reviewed in district court under the provisions of section 7703(b)(2). *See Williams v. Department of Army*, 715 F.2d 1485, 1487 & n. 3 (Fed.Cir.1983). Sections 7703(b)(1) and 7703(b)(2) contain virtually identical timeliness provisions: "... [n]otwithstanding any other provision of law [any petition for review, (b)(1), or case filed, (b)(2)] must be filed within

is in fact a jurisdictional time limit. *Devine v. White*, 697 F.2d 421 (D.C.Cir.1983); *accord Miller v. United States Postal Service*, 685 F.2d 148 (5th Cir.1982), *cert. denied*, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983). In *Brown v. National Highway Traffic Safety Administration*, 673 F.2d 544, 546 (D.C.Cir.1982), we concluded that the constructions accorded to section 7703(b)(1) apply equally to like terms in section 7703(b)(2). This rule is well supported by traditional canons of statutory construction. *See id.* at 546 n. 5. Thus, the notion that the time limit in section 7703(b)(2) is not subject to enlargement is a logical outgrowth of our precedents. To the extent that this may have been considered an open question until today, we now remove any lingering doubts.

We reach our conclusion based on the clear and emphatic language of the statutory provision at issue. By providing that "[n]otwithstanding any other provision of law, any such case filed ... must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action," 5 U.S.C. § 7703(b)(2), Congress left no doubt as to the mandatory nature of the time limit.

Appellant claims, however, that this emphatic statutory mandate must be subordinated to the general policy of construing remedial statutes, specifically procedural elements of employment discrimination laws, in favor of claimants. Given this policy adopted by the Supreme Court and by this court, appellant argues, the construction we have accorded to section 7703(b)(1), which involves review of MSPB decisions not related to claims of discrimination, need not control the construction given to section 7703(b)(2), which concerns claims of improper dismissal premised in part on allegations of employment discrimination.

Appellant's reading of this policy, described in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and *Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977), is far too broad.

In those cases the policy was used to settle *ambiguities* in favor of claimants; indeed the court in *Bell* stated that " '*where congressional purpose is unclear*, courts have traditionally resolved ambiguities in remedial statutes in favor of those whom the legislation was designed to protect.' " 557 F.2d at 853 (emphasis added) (quoting *Laffey v. Northwest Airlines*, 567 F.2d 429, 475 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 702 (1978)).

In *Zipes*, for example, although the Court held that the filing of an original timely claim with the Equal Employment Opportunity Commission ("EEOC") is not jurisdictional vis-a-vis subsequent district court proceedings, it stressed that the "provision granting district courts jurisdiction *does not* limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the time-filing requirement." *Id.* 455 U.S. at 393–94, 102 S.Ct. at 1132–33 (emphasis added). Thus, the Court held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. Moreover, the legislative history of the provision involved in *Zipes* demonstrated that Congress indeed intended for the courts to be flexible in construing it. *Id.* at 394–95, 102 S.Ct. at 1133. In this case, by contrast, given the unambiguous nature of the language Congress chose, and the clear relationship between the time requirement in section 7703(b)(2) and the district court's authority to hear the case, we do not have the luxury of using the general policy associated with remedial statutes to decide whether the timely filing requirement affects the court's jurisdiction.

Similarly, in *Bell* we applied the remedial statute policy in deciding whether the time limit for filing an action began when the individual himself received notice or when his attorney did. The court emphasized

30 days after the date the individual petitioner

received notice...."

that the "statutory language ... is non-committal ... and the legislative history ... yields no significant indication in this regard." *Id.* at 853. There is nothing in *Bell*, however, to suggest that the policy of construction that the court used would have been applied had the statute been clear, as is the statute before us today.

Finally, appellant contends that the Supreme Court's construction of a somewhat analogous timeliness of review provision in Title VII as not jurisdictional, binds this court in construing the CSRA. Appellant cites to the Supreme Court's decisions in *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), and *Zipes*, as establishing that the timeliness of review provision of Title VII is subject to enlargement. However, even if we assume that these precedents control the construction of the Title VII provision at issue there, they are not relevant to the statute at issue here. The Title VII provision involved in those cases provides that: "... within ninety days after the giving of such notice a civil action may be brought...." 42 U.S.C. § 2000e–5(f)(1).

The language of that provision is a far cry from the statutory proclamation in this case that "[n]otwithstanding any other provisions of law ... cases ... must be filed within 30 days...." 5 U.S.C. § 7703(b)(2). Appellant's protest that the terms of Title VII and the CSRA must be interpreted identically goes too far. [3] Where the language of the provisions is as dramatically different as in these two statutes we are duty bound to examine the plain meaning of each separately. As is evidenced by the different periods of time for seeking judicial review that Congress enacted, Congress never intended that Title VII and the CSRA be identical in all procedural respects.

Accordingly the judgment of the district court is

*Affirmed.* [4]

---

**3.** The fact is that we have construed another, more analogous, provision of Title VII as a jurisdictional limit. In *Hofer v. Campbell*, 581 F.2d 975 (D.C.Cir.1978), we held that the 30 day limit contained in 42 U.S.C. § 2000e–16(c), the statute governing *federal government employees'* appeals from the EEOC, is indeed jurisdictional. *Id.* at 977; *see also Richardson v. Wiley*, 569 F.2d 140, 142 (D.C.Cir.1977); *Miller v. Smith*, 584 F.Supp. 149, 153 (D.D.C.1984). Thus, appellant's argument about like constructions supports our holding today.

**4.** The court expresses its deep appreciation to David H. Shapiro, a member of the court's bar, who was appointed to represent appellant by the district court *after* the untimely complaint was filed, and continued to represent appellant before this court. Mr. Shapiro did an admirable job in representing his client in a manner consistent with the finest traditions of our profession.