818 F.2d 28
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl V. HYLTON, Plaintiff-Appellant,
v.
Elizabeth DOLE, Secretary, Department of Transportation;
Donald D. Engen, Administrator, Federal Aviation
Administration, Defendant-Appellee.
 No. 86-1621.
 United States Court of Appeals, Fourth Circuit.
 Argued March 3, 1987.
Decided April 27, 1987.
 
 Anthony J. De Marco (Vincent A. Fuller, Jr., on brief), for appellant.
 Joan Vance Johnson, Office of Chief Counsel, Federal Aviaton Administration, United States Department of Transportation (Henry E. Hudson, United States Attorney; Dennis E. Szybala, Assistant United States Attorney, on brief), for appellee.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Carl V. Hylton, was fired from the federal civil service on grounds he claims were discriminatory, retaliatory and misguided. In addition he alleges a violation of his First Amendment rights, claiming that he was discharged in retaliation for whistleblowing. After administrative proceedings were terminated adversely to Hylton, he sued in federal district court under 42 U.S.C. Sec. 20OOe-16(c) of Title VII as directed by 5 U.S.C. Sec. 7703(b)(2) of the Civil Service Reform Act.
 
 
 2
 Section 7703(b)(2) requires that suit be instituted within 30 days after notice that administrative proceedings have been completed.[1] Hylton received the adverse decision of the Merit Systems Protection Board (MSPB) on August 23, 1985. However, he did not file a complaint in federal district court until October 23, 1985, well beyond the 30 day limit. The delay was due to the lack of diligence of the attorney Hylton retained promptly after receiving notice of the MSPB decision. The attorney, who had alcohol and drug related disabilities which led to his suspension from practice, simply failed to file a complaint.
 
 
 3
 We find persuasive the recent decision of the District of Columbia Circuit in King v. Dole, 782 F.2d 274 (D.C. Cir. 1986), cert. denied, 107 S. Ct. 194 (1986). That court construed the 30 day limitations period of section 7703(b)(2) as jurisdictional and not subject to enlargement by equitable tolling. The King court relied on a number of arguments to reach its conclusion. First, it noted precedent interpreting the time limitations of 5 U.S.C. Sec. 7703(b)(1), a closely related section, as jurisdictional. Section 7703(b)(2) contains language almost identical to that of section 7703(b) (1),[2] and so, the court reasoned, the two sections should be interpreted in the same way.
 
 
 4
 Second, the court in King distinguished section 7703(b)(2) from Title VII and other anti-discrimination laws where equitable tolling is permitted. The court reasoned that the language of Title VII, 42 U.S.C. Sec. 20OOe-5(f)(1), providing that "within 90 days after the giving of ... notice a civil action may be brought," differs significantly from the language of section 7703(b)(2) that "[n]otwithstanding any other provision of law ... cases ... must be filed within 30 days." "May" and "must" signal rather different meaning. In addition the phrase "notwithstanding any other provision of law", contained in section 7703(b)(2) is unequivocal in its direction that the time limitation be strictly interpreted. In the District of Columbia Circuit's view, the difference in the language of section 7703(b)(2) and Title VII compelled different results. A difference would not be a difference if the same result were reached. To permit equitable tolling under section 7703(b)(2) would be to ignore the strong and unambiguous language of the statutory provision and to risk doing damage to congressional intent.
 
 
 5
 The claimed First Amendment violation is subject to the same jurisdictional limitations as are the discrimination and retaliation claims. See Bush v. Lucas, 462 U.S. 367, 378 n.14 (1983). Cf. King v. Dole, 782 F.2d at 275 n.2. Thus, the district court correctly dismissed the First Amendment claim despite relying on different grounds.
 
 
 6
 The district judge expressed regret that a jurisdictional issue prevented hearing the case on the merits. He was, however, entirely correct in finding that a jurisdictional bar existed. For the reasons succinctly expressed by the District of Columbia Circuit the decision dismissing the appeal for failure to file suit within 30 days is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The section provides that "[n]otwithstanding any other provision of law, any ... case ... must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action ...."
 
 
 [2]
 Section 7703(b)(1) provides that: "[n]otwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board."