**Larry D. BECTON, Plaintiff,**

**v.**

**Federico PENA, Secretary of Department of Transportation, Defendant.**

**Civil Action No. 96–1169 (JR).**

United States District Court,
District of Columbia.

Nov. 27, 1996.

meeting when necessary with reasonable notice

Rebecca N. Strandberg, Rebecca N. Strandberg & Associates, P.A., Bethesda, MD, for Plaintiff.

June M. Jeffries, Assistant U.S. Attorney, Washington, DC, for Defendant.

to public).

## MEMORANDUM

ROBERTSON, District Judge.

In this employment discrimination case, plaintiff Larry Becton alleges that his discharge by the U.S. Department of Transportation ("DOT") was unlawful.[1] Defendant moved to dismiss this action for lack of subject matter jurisdiction, arguing that plaintiff filed it one day too late. On October 17, 1996, I heard oral argument on the motion and denied it. This memorandum explains that decision.

Mr. Becton was hired in 1979 as a part-time worker under a special program for mentally retarded individuals.[2] He was eventually converted to competitive employment status and assigned to work as a driver. On March 10, 1994, Mr. Becton was involved in an automobile accident while performing his duties at DOT. Because of injuries he suffered in that accident, DOT transferred him from the motor pool to the printing plant on a temporary detail. Mr. Becton alleges that in August 1995, DOT informed him that his employment would be terminated because of his physical and mental disability and because he was taking family medical leave. The termination was effective in September.

A Merit Systems Protection Board (MSPB) administrative law judge heard Mr. Becton's appeal of his discharge and ruled that DOT had acted reasonably. MSPB notified the plaintiff of the decision by letter. The letter, which was dated February 23, 1996, informed Mr. Becton that the decision would become "final"—so that the time for filing a civil suit in federal court would begin to run—on March 29, 1996, and that he would then have 30 days to file suit. Plaintiff filed this suit on April 29, 1996, thirty-one days after March 29, 1996.

The applicable statutory provision is 5 U.S.C. § 7703(b)(2), "Judicial review of deci-

sions of the Merit Systems Protection Board." It provides in relevant part that:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c))[3].... Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.

Defendant's submission is that plaintiff "received notice of the judicially renewable motion" well before March 29, 1996, and that § 7703(b)(2) operated to require any suit to be filed, at the latest, by April 28, 1996, which was a Sunday. The statute, defendant argues, is jurisdictional because the "notwithstanding any other provision of law" clause requires strict application of the time limitation requirement. The plaintiff challenges that interpretation of the statute on two grounds.

### 1. 1991 amendments to Title VII

Plaintiff argues that, after the 1991 amendments to the Civil Rights Act of 1964, a Title VII plaintiff has 90 days, not 30 days, to file suit after an adverse MSPB decision. This argument is based upon a 1991 amendment to the Civil Rights Act that extended from 30 to 90 days the time a federal employee has to file a Title VII suit following an adverse determination by an employing agency or by the EEOC. 42 U.S.C. § 2000e-16(c). The amendment does not mention the MSPB.

Before the 1991 amendment, a federal employee had 30 days following an adverse decision of *either* the EEOC *or* the MSPB within which to file suit in federal court. By amending only § 2000e-16(c) to increase the

---

1. In his complaint, the plaintiff claims (1) discrimination because of his disability in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*; (2) an arbitrary and capricious decision of the Merit Systems Protection Board (MSPB) affirming his discharge by the Department of Transportation; and (3) violation of the Family and Medical Leave Act of 1993 (FMLA), 5 U.S.C. § 6381 *et seq.*

2. 5 C.F.R. § 213.3102(t).

3. In 1978, Congress amended the Rehabilitation Act to provide a private cause of action to disabled persons subjected to employment discrimination by federal agencies and made the remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) available with respect to any complaint under the Rehabilitation Act.

**86**

filing period from 30 to 90 days without a corresponding amendment of § 7703(b), Congress created a procedural anomaly that it likely did not intend: different time limits exist for filing Title VII suits depending on which administrative body—the EEOC or MSPB—initially hears a federal employee's claim.

The legislative history of § 2000e–16(c) gives no hint as to why MSPB decisions and EEOC decisions should be treated differently. In fact, the legislative history suggests that Congress considered the 30–day period an unacceptable barrier to vindication of federal employees' rights under Title VII without regard to which agency originally considers a claim. *See* H.R.Rep. No. 102–40. 102nd Cong., 1st Sess. 85–86, *reprinted in* 1991 U.S.C.C.A.N. 549, 623–624. The House Report concludes that "[t]he current thirty-day limitations period for filing suit against the federal government is, in most instances, simply too short to allow plaintiffs adequate time to prepare and file their claims in federal court." *Id.* at 625.

The obvious inconsistency between that statement and Congress' failure to amend § 7703(b)(2) has led one court to conclude that Congress "simply assumed that the new time limits would apply to all federal employees with Title VII claims against the federal government." *Nunnally v. MacCausland,* 996 F.2d 1, 3 n. 3 (1st Cir.1993). It is not necessary to reach that conclusion in this case, however, or to decide whether the 1991 amendment to the Civil Rights Act implicitly repealed the 30–day limitation period in § 7703(b)(2), for the reasons set forth in the next section of this memorandum.

2. *Equitable tolling and Rule 6(a).*

Plaintiff's next argument, that the 30–day limitation period established by § 7703(b)(2) is no longer to be strictly applied, is dispositive of this motion. Plaintiff is correct that *Hilliard v. U.S. Postal Service,* 814 F.2d 325 (6th Cir.1987), and *King v. Dole,* 782 F.2d 274 (D.C.Cir.), *cert. denied,* 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed.2d 126 (1986), upon which defendant relies most heavily, are no longer controlling law. In *Hilliard,* a handicapped person filed a discrimination suit af-

ter an adverse ruling by the MSPB. Just as in the instant case, the 30–day time limit established by § 7703(b)(2) had expired on a Sunday and the complaint was filed on the following Monday. The *Hilliard* court, affirming the District Court's dismissal, held that § 7703(b)(2) "is a jurisdictional prerequisite to judicial review of an MSPB decision and cannot be extended." *Id.* at 327. As a result, the court ruled that neither equitable tolling nor Rule 6(a) of the Federal Rules of Civil Procedure was available to extend the 30–day time limitation. *Hilliard* relied upon *King v. Dole, supra.* In *King,* however, the District of Columbia Circuit carefully noted that its strict interpretation of the statutory provision depended on the "clear and emphatic" nature of § 7703(b)(2) that left no ambiguity regarding the purpose of Congress in creating the 30–day time limitation. *Id.* at 276.

The tension between § 2000e–16(c) and § 7703(b)(2) described in the previous section did not exist when *Hilliard* and *King* were decided. Though it is debatable whether Congress intended to apply a 90–day time limitation period to all Title VII cases when it amended § 2000e–16(c), there is no doubt that the 1991 amendment make § 7703(b)(2) less "clear and emphatic" than when the *King* and *Hilliard* cases were decided.

Nor is it clear, after *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), that the statutory time limits for filing Title VII cases originating in the MSPB are jurisdictional. The Supreme Court ruled in *Irwin* that the statutory filing deadline set forth in § 2000e–16(c) is subject to equitable tolling. The Court held that "the same rebuttable presumption of equitable tolling applicable to [Title VII] suits against private defendants should also apply to suits against the United States." *Id.* at 95–96, 111 S.Ct. at 457. Numerous courts (although not yet the Court of Appeals for this Circuit) have adopted *Irwin*'s reasoning and concluded that equitable tolling also applies to the 30–day limitation period set forth in § 7703(b)(2). *Nunnally v. MacCausland,* 996 F.2d 1, 4 (1st Cir.1993) (listing cases reaching that conclusion).

 *Irwin*'s progeny, by applying the equitable tolling doctrine to § 7703(b)(2), establish that failure to comply with the timing provision in § 7703(b)(2) is not a jurisdictional barrier to filing a Title VII suit. As a result, this court has the option of extending the time limitation period in § 7703(b)(2) by either applying the equitable tolling doctrine or Rule 6(a) of the Federal Rules of Civil Procedure, which applies to all statutes that do not explicitly express a contrary policy. *See Union National Bank v. Lamb,* 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190 (1949).

■ Moreover, in this Circuit, Rule 6(a) may permit the Monday filing of a pleading otherwise due on the preceding Sunday even if the § 7703(b)(2) limitation were still considered jurisdictional in nature. In *United Mine Workers of America v. Dole,* 870 F.2d 662 (D.C.Cir.1989), the court held that Rule 26(a) of the Federal Rules of Appellate Procedure, which serves the same function as FRCP 6(a) and contains nearly identical language, would apply in computing all time limitation periods, including jurisdictional ones, unless a specific statutory provision requires otherwise. *Id.* at 665. § 7703(b)(2) is not such a specific statutory provision, and Rule 6(a) may therefore be applied in this case regardless of whether the 30–day time provision is jurisdictional.

Because a straightforward application of Rule 6(a) disposes of this case, this Court does not consider the merits of the plaintiff's equitable tolling argument.[4] Rule 6(a) provides in pertinent part: "In computing any period of time prescribed or allowed ... by any applicable statute ... [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not [a Saturday, a Sunday or a legal holiday]." In the instant case, the 30–day limitation period established by § 7703(b)(2) expired on Sunday, April 28, 1996. Mr. Becton filed this action on Monday, April 29, 1996. Thus,

Rule 6(a) dictates that Mr. Becton's suit was timely filed.

---

4. Plaintiff's equitable tolling claim is that the Clerk refused to accept his petition to proceed in forma pauperis and his complaint when he presented them on April 26, 1996, two days before the statutory deadline.