# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 17, 2023          Decided June 16, 2023

No. 22-5093

ADAM ROBINSON,
APPELLANT

v.

DEPARTMENT OF HOMELAND SECURITY OFFICE OF INSPECTOR
GENERAL,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02021)

*Ciara Cooney*, Student Counsel, argued the cause for appellant. With her on the briefs were *Charles Tucker, Jr.*, *Brian Wolfman*, *Esthena L. Barlow*, *Madeline Meth*, and *Matthew Calabrese*, *Holly Petersen*, *Nathan Winshall*, *Rachel Danner*, and *Chun Hin Tsoi*, Student Counsel. *Lauren Lang* and *Ezer Smith*, Student Counsel, entered appearances.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney. *April D. Seabrook*, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON, MILLETT and CHILDS, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Adam Robinson sought judicial review of the Merit Systems Protection Board's (MSPB) final decision affirming his removal from the Department of Homeland Security (DHS) but filed his complaint in the district court one day after the statutory deadline prescribed in 5 U.S.C. § 7703(b)(2). The district court dismissed his complaint as untimely, relying on our decision in *King v. Dole*, 782 F.2d 274, 275–76 (D.C. Cir. 1986) (per curiam), holding that the thirty-day filing deadline contained in section 7703(b)(2) is a jurisdictional requirement. *Robinson v. Dep't of Homeland Sec.*, 2022 WL 715466, at *2–3 (D.D.C. March 10, 2022). The district court held in the alternative that Robinson had not presented facts to warrant equitable tolling. *Id.* at *3–4. In light of the combined weight of intervening United States Supreme Court authority and the decisions of the other circuits interpreting section 7703(b)(2) as a nonjurisdictional claims-processing rule since *King*, we now hold that section 7703(b)(2)'s thirty-day filing deadline is a nonjurisdictional claims-processing rule. *See infra* note 1. Nevertheless, we affirm the district court's dismissal on the alternative ground that Robinson failed to show that he is entitled to equitable tolling.

**I.**

In June 2018, Robinson's supervisors in the Office of the DHS Inspector General informed him that his work as a Program Analyst was unacceptable and provided him thirty days to demonstrate acceptable performance. Robinson contacted a DHS equal employment opportunity officer and

lodged a complaint alleging that his supervisors had discriminated against him in their performance evaluations based on his race and sex. Robinson's supervisors learned of his complaint in July but continued to propose his removal because he had not sufficiently improved his performance. The DHS issued a final removal decision to Robinson in February 2019 for failure to perform at an acceptable level. *See* 5 U.S.C. § 4303(a); 5 C.F.R. § 432.105.

Robinson appealed his removal *pro se* to the MSPB, alleging that he had not been provided a reasonable opportunity to demonstrate acceptable performance under the Civil Service Reform Act (CSRA), 5 U.S.C. § 4303; 5 C.F.R. § 432.104, that the DHS's decision to remove him was based at least in part on his race and sex in violation of Title VII, 42 U.S.C. § 2000e-16(a), and that his removal was effected as a retaliatory action for the Title VII complaint he had filed against his supervisors, *see Weber v. Battista*, 494 F.3d 179, 184 (D.C. Cir. 2007) (citing *Ethnic Emps. of the Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1415 n.13 (D.C. Cir. 1985)) (holding 42 U.S.C. § 2000e-16 prohibits retaliation against federal employee invoking Title VII). Robinson's appeal was categorized as a "mixed" case because his removal was appealable to the MSPB under the CSRA, 5 U.S.C. § 4303(e), and because he asserted that his removal was motivated, in whole or in part, by discrimination or by retaliation for his Title VII complaint. *See* 5 U.S.C. § 7702(a)(1) (authorizing the MSPB to decide both CSRA and discrimination claims in a mixed case within 120 days of the filing of the appeal); 29 C.F.R. § 1614.302(a)(2) ("A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race . . . [or] sex.").

The MSPB assigned Robinson's appeal to an administrative law judge (ALJ) who held a two-day hearing

before sustaining the agency's removal action for unacceptable performance and rejecting Robinson's Title VII allegations on April 15, 2020. *See* 5 U.S.C. § 7701(b)(1) (the MSPB may refer an appeal to an ALJ). The ALJ's decision served as the MSPB's initial decision and informed Robinson that, unless he petitioned the MSPB for review of the decision, it would become the MSPB's final decision on May 20, 2020. The initial decision also stated that "you may obtain judicial review of this decision—*including a disposition of your discrimination claims*—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** *after this decision becomes final*." J.A. 55; *see* 5 U.S.C. § 7703(b)(2). Having received no petition from Robinson, the ALJ's initial decision indeed became the MSPB's final decision on May 20, 2020.

On June 15, 2020, twenty-six days after the MSPB decision became final, Robinson, still acting *pro se*, called the Office of the Clerk of the United States District Court for the District of Columbia "to ask about the processing of mail during the Covid-19 outbreak." Robinson Decl. 11, Nov. 8, 2021 (J.A. 70). According to Robinson, the clerk personnel "informed [him] that filing deadlines during this period were not being strictly enforced due to the pandemic and the clerk's office [was] operating on a modified schedule where Court clerks were only on-site two days per week to process filings." *Id.* The personnel also advised Robinson "it was more important to just file rather than to worry about meeting a strict deadline." Robinson Decl., Apr. 22, 2021 (J.A. 59).

At the time Robinson called the Clerk's Office in June 2020, the district court was operating under a standing order that adjusted court procedures in response to the COVID-19 pandemic. *See In Re: Further Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court*

*Operations in Exigent Circumstances by the COVID-19 Pandemic*, Standing Order No. 20-29 (BAH) (D.D.C. May 26, 2020). The Standing Order directed a *pro se* litigant to submit a filing to the Court: "(1) by sending the filing via email to the Court's email address: dcdml_intake@dcd.uscourts.gov; or (2) by date-stamping and depositing papers in drop boxes located at the entrance to the Courthouse." *Id.* at 9. It also explicitly provided that it did "not toll any applicable statute of limitations." *Id.* at 8.

Robinson alleges that he mailed his complaint by standard mail on June 15, four days before the June 19, 2020 deadline. Robinson included a check to pay the filing fee for his complaint, which check he post-dated for June 17, 2020, the date he claims the complaint should have been delivered. His complaint was posted to the Court's docket on June 20, 2020, one day after the filing deadline.

After filing an amended complaint on May 7, 2021 in response to the DHS's April 2, 2021 motion to dismiss, Robinson hired counsel to represent him. The DHS then moved to dismiss Robinson's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the DHS's motion to dismiss on March 10, 2022. The district court held that it was without authority to equitably toll Robinson's complaint under the *King v. Dole* holding that section 7703(b)(2)'s thirty-day time limit to seek judicial review of a MSPB decision is a jurisdictional requirement. *Robinson*, 2022 WL 715466, at *2–3. Alternatively, the district court held that Robinson was not entitled to equitable tolling on the record before it. Robinson timely appealed.

**II.**

**A.**

Neither Robinson nor the DHS disputes that the Clerk's Office docketed Robinson's complaint on June 20, 2020, one day after the filing deadline. Nor does Robinson argue here that the district court received his complaint earlier than the date it was docketed. They do disagree, however, regarding whether section 7703(b)(2)'s 30-day deadline is a jurisdictional deadline.

Because Robinson appeals a mixed case, *see* 5 U.S.C. § 7702, his appeal is governed by 5 U.S.C. § 7703(b)(2). *See Kloeckner v. Solis*, 568 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in § 7702(a)(1) should seek judicial review in district court."). Section 7703(b)(2) provides:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. § 7703(b)(2). The longstanding rule in this Circuit set out in *King v. Dole* is that the thirty-day filing deadline of section 7703(b)(2) is a jurisdictional requirement. *See* 782 F.2d at 275–76.

Three years after *King* was decided, however, the Supreme Court held that the filing deadline in 42 U.S.C. § 2000e-16(c), one of the three listed causes of action in section 7703(b)(2), is nonjurisdictional and that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95–96 (1990). Since *Irwin*, all but one of our sister circuits that have interpreted section 7703(b)(2)'s thirty-day filing deadline have held that it is nonjurisdictional. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) ("We find that the language of § 7703(b)(2) is . . . insufficient to show that Congress intended to make equitable tolling unavailable to plaintiffs."); *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994) ("[A] time limit like the one in § 7703(b)(2) is not jurisdictional."); *Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir. 1993) (per curiam) ("[W]e join those courts which have held, under the authority of *Irwin*, that the limitations period in 5 U.S.C. § 7703(b)(2) may be subject to equitable tolling in an appropriate case."); *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993) (similar); *see also Ware v. Frank*, 1992 WL 19861 at *2 (E.D. Pa. Jan. 30, 1992), *aff'd without op.*, 975 F.2d 1552 (3d Cir. 1992) (similar). *But see Dean v. Veterans Admin. Reg'l Off.*, 943 F.2d 667, 670 (6th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992) (holding section 7703(b)(2) is jurisdictional even after *Irwin* but noting "[i]f we were writing on a clean slate, we might well be persuaded" otherwise).

In the years since *Irwin*, the Supreme Court has consistently emphasized that jurisdiction "is a word of many, too many, meanings," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998)), and warned that "[c]ourts, including this Court, have more than occasionally misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions," *Wilkins v. United States*, 143 S. Ct. 870, 877 (2023) (alteration in original) (quoting *Fort Bend Cnty v. Davis*, 139 S. Ct. 1843, 1848 n.4 (2019)). Jurisdictional "requirements mark the bounds of a 'court's adjudicatory authority,'" *Boechler, P.C. v. Comm'r*, 142 S. Ct. 1493, 1497 (2022) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)), but nonjurisdictional claims-processing rules "simply instruct 'parties [to] take certain procedural steps at certain specified times' without conditioning a court's authority to hear the case on compliance with those steps," *id.* (alteration in original) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

This Supreme Court precedent, followed by all but one of our sister circuits, casts doubt on the soundness of *King*. *See supra* p. 7; *see also Brookens v. Acosta*, 297 F. Supp. 3d 40, 47–49 (D.D.C. 2018) ("It may well be that the D.C. Circuit will conclude at some point that *King* is no longer good law."); *Becton v. Pena*, 946 F. Supp. 84, 86–87 (D.D.C. 1996) ("Numerous courts (although not yet the Court of Appeals for this Circuit) have adopted *Irwin*'s reasoning and concluded that equitable tolling also applies to the 30–day limitation period set forth in § 7703(b)(2)." (citing *Nunnally*, 996 F.2d at 4)). We now address that doubt and hold that section 7703(b)(2)'s statute of limitations is instead a nonjurisdictional claims-processing rule.[1]

---

[1] "[W]e cannot overrule a prior panel's decision, except via an *Irons* footnote or en banc review." *United States v. Emor*, 785 F.3d

The Supreme Court has "'repeatedly held that procedural rules, including time bars, cabin a court's power' to hear a case—i.e., subject matter jurisdiction— 'only if Congress has 'clearly state[d]' as much.'" *Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir. 2020) (alteration in original) (quoting *United States v. Wong*, 575 U.S. 402, 409 (2015)). A court reviewing whether a statutory deadline contains a "clear statement" evaluates whether the provision's text "clearly mandate[s] the jurisdictional reading," *Boechler*, 142 S. Ct. at 1498, as the Congress "must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Wong*, 575 U.S. at 410. As a result, "most time bars are nonjurisdictional," *Wilkins*, 143 S. Ct. at 877, and the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Id.* at 876 (quoting *Wong*, 575 U.S. at 410).

Neither the text nor the structure of section 7703(b)(2) manifests that the Congress intended the thirty-day filing deadline to be a jurisdictional one. *See id.* First, the text of the filing deadline "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Wong*, 575 U.S. at 411 (quoting *Arbaugh*, 546 U.S. at 515). The provision merely instructs an individual litigant that he has

---

671, 682 (D.C. Cir. 2015). "In an *Irons* footnote, named after the holding in *Irons v. Diamond*, 670 F.2d 265, 267–68 & n.11 (D.C. Cir. 1981), the panel 'seek[s] for its proposed decision the endorsement of the *en banc* court, and announce[s] that endorsement in a footnote to the panel's opinion.'" *Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227, 232 n.1 (D.C. Cir. 2013) (alteration in original) (quoting Policy Statement on En Banc Endorsement of Panel Decisions 1 (Jan. 17, 1996)). Our holding today has been approved by the *en banc* court and thus constitutes the law of the circuit.

thirty days from the date he receives notice of the "judicially reviewable action" to file for review, "[n]otwithstanding any other provision of law." 5 U.S.C. § 7703(b)(2). In a case presenting a different question regarding section 7703, the Supreme Court described the relevant language of section 7703(b)(2) as "nothing more than a filing deadline." *Kloeckner*, 568 U.S. at 52.[2] The DHS contends that the Congress's inclusion of "[n]otwithstanding any other provision of law" in the same sentence as section 7703(b)(2)'s filing deadline is strong evidence that the deadline is jurisdictional. The Supreme Court has recognized, however, that mandatory or otherwise emphatic language is common in statutes of limitation and has "consistently found it of no consequence." *See Wong*, 575 U.S. at 410–11 (holding that 28 U.S.C. § 2401(b)'s filing deadline is nonjurisdictional despite language providing that tort claims against the United States "shall be forever barred" if filed after the deadline); *Wilkins*, 143 S. Ct. at 876–77 (holding that 28 U.S.C. § 2409a(g)'s filing deadline is nonjurisdictional notwithstanding language that civil actions "shall be barred" if filed after the deadline). In addition, the "notwithstanding" clause is "ambiguous" in its meaning. *See Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023). Although the DHS argues that "notwithstanding any other provision" refers to equitable tolling, it is also plausible that "notwithstanding any other provision" refers to section 2000e–16(c)'s 90-day time limit for a Title VII-only suit or section 7703(b)(1)'s 60-day time limit for a CSRA-only suit. "Where multiple plausible interpretations exist—only one of which is jurisdictional—it is

---

[2] In *Kloeckner v. Solis*, the Supreme Court held that a federal employee seeking judicial review of a MSPB final decision regarding a "mixed" claim under section 7703 should file in district court, not the Federal Circuit, whether the MSPB decided the employee's claim on a procedural ground or on the merits. 568 U.S. at 56.

difficult to make the case that the jurisdictional reading is clear." *Boechler*, 142 S. Ct. at 1498.

We believe that the structure of section 7703(b)(2) likewise does not mandate a jurisdictional reading. Language authorizing the district court to hear mixed appeals from the MSPB appears in section 7703(b)(2)'s first sentence. 5 U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 . . . shall be filed under . . . 42 U.S.C. 2000e-16(c) . . . as applicable."); *see Kloeckner*, 568 U.S. at 46, 53 ("The enforcement provisions of the antidiscrimination statutes listed in this exception all authorize suit in federal district court."). Importantly, the Congress placed the thirty-day filing deadline in section 7703(b)(2)'s second sentence. *See Kloeckner*, 568 U.S. at 53 ("The first sentence defines *which* cases should be brought in district court . . . . The second sentence then states *when* those cases should be brought."). The Supreme Court has "often explained that Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional." *Wilkins*, 143 S. Ct. at 877 (quoting *Wong*, 575 U.S. at 411); *cf. Boechler*, 142 S. Ct. at 1497–98.

Accordingly, because section 7703(b)(2) lacks a "clear statement" that the Congress intended to limit the district court's jurisdiction through the thirty-day deadline, *Boechler*, 142 S. Ct. at 1498, we hold that 5 U.S.C. § 7703(b)(2)'s thirty-day filing deadline is a nonjurisdictional claims-processing rule and overrule our decisions to the contrary. *See, e.g.*, *King*, 782 F.2d at 275–76. [3]

---

[3] *See supra* note 1.

**B.**

Having determined that section 7703(b)(2)'s statute of limitations is not jurisdictional, we nonetheless affirm the district court's dismissal because Robinson has not demonstrated that he is entitled to equitable tolling. We review the court's decision denying equitable tolling *de novo*. *Jackson*, 949 F.3d at 778.

A party seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), *quoted in Young v. SEC*, 956 F.3d 650, 655 (D.C. Cir. 2020). The second prong requires a litigant to demonstrate that the "circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original). Equitable tolling is "appropriate only in 'rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015) (quoting *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014)). It is not available to a litigant who misses a deadline because of a "garden variety claim of excusable neglect" or a "simple 'miscalculation.'" *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (first quoting *Irwin*, 498 U.S. at 96; then citing *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Robinson offers two circumstances that "stood in his way," thus preventing him from timely filing. *See Pace*, 544 U.S. at 418. First, he contends that the extraordinary circumstances brought on by the COVID-19 pandemic caused logistical hurdles that prevented him from timely filing.

Second, Robinson argues that mistaken or misleading advice from court personnel created an extraordinary circumstance that prevented him from timely filing his complaint. Neither of Robinson's contentions "meet[s] the high threshold for applying this rare remedy." *Jackson*, 949 F.3d at 778. The district court standing order in effect at the time Robinson mailed his complaint contained a general observation that "operations of the Clerk's Office are continuing but have been limited to support essential functions." *See In Re: Further Extension of Postponed Court Proceedings in Standing Order 20-9 and Limiting Court Operations in Exigent Circumstances by the COVID-19 Pandemic*, Standing Order No-20-29 (BAH) at 8 (D.D.C. May 26, 2020). The order specifically informed *pro se* litigants, however, how they were to submit filings, to wit: "by sending the filing via email to the Court's email address: dcdml_intake@dcd.uscourts.gov" or "by date-stamping and depositing papers in drop boxes located at the entrance to the Courthouse." *Id.* at 9.

Robinson instead chose to mail his complaint, by standard mail, four days before the statutory deadline. Neither he nor his eventual counsel explained why he did not use one of the two options the Standing Order expressly gave him. Robinson makes no assertion that COVID-19 kept him from delivering his filing in person to the courthouse drop box, that the court personnel's guidance impaired his timely filing, that COVID-19 prevented his use of overnight delivery of his filing or that COVID-19 otherwise impeded him from timely filing electronically. The record instead shows that Robinson chose to mail his complaint by standard mail four days before the statutory filing deadline and assumed the risk his complaint would arrive late. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) ("[A] civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing."). On these facts, Robinson's decision to use standard mail is a

"garden variety claim of excusable neglect" insufficient to warrant equitable tolling. *Irwin*, 498 U.S. at 96.

For the foregoing reasons, the district court's judgment of dismissal is affirmed.

*So ordered.*