# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5283

September Term, 2024

FILED ON: DECEMBER 19, 2024

IN RE: NAVY CHAPLAINCY,

THOMAS PATRICK DONEY, AS REPRESENTATIVE FOR PATRICK DONEY, ET AL.,
APPELLANTS

v.

UNITED STATES NAVY, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-mc-00269)

Before: HENDERSON and PAN, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendix filed by the parties. *See* D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the order of the district court entered on August 23, 2023, denying summary judgment to the appellants and granting summary judgment to the appellees be **AFFIRMED**.

\* \* \*

Appellants are former United States Navy chaplains who brought discrimination claims and systemic challenges to the selection policies and procedures of the Navy Chaplain Corps. The district court previously held that some of their claims would be time-barred absent equitable tolling. We remanded for the court to consider whether the statute of limitations should be

1

equitably tolled due to the alleged fraudulent concealment of wrongdoing by the Navy. The district court ruled that no equitable doctrine applies under any theory of fraudulent concealment and granted summary judgment in favor of the Navy. We affirm.

## I.

Appellants' complaint alleged broadly that the Navy allowed religious bias to influence the promotion of chaplains; employed religious quotas to apportion chaplains among different faith groups; and engaged in various other discriminatory and retaliatory practices. In 2014, the district court held that some of appellants' claims of discrimination were barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). *In re Navy Chaplaincy (Navy Chaplaincy I)*, 69 F. Supp. 3d 249, 256 (D.D.C. 2014). At that time, controlling law treated the statute of limitations as a jurisdictional bar that was not subject to tolling. *Id.* at 259. Therefore, the district court did not address appellants' arguments that the statute of limitations should be equitably tolled due to the Navy's alleged fraudulent concealment of the wrongdoing underlying appellants' claims. During the pendency of the appeal of the district court's 2014 ruling, the law changed. We held, based on an intervening Supreme Court decision, *United States v. Wong*, 575 U.S. 402 (2015), that the applicable statute of limitations is not jurisdictional. *See Jackson v. Modly*, 949 F.3d 763, 776–78 (D.C. Cir. 2020). Accordingly, the prior appellate panel remanded the case for the district court to consider whether the statute of limitations should be tolled based on the "merits of the Plaintiffs' fraudulent concealment arguments." *In re Navy Chaplaincy (Navy Chaplaincy III)*, 2020 WL 11568892, at *3 (D.C. Cir. Nov. 6, 2020). The remand order made clear that absent tolling, appellants' claims would be untimely. *Id.*

On remand, appellants articulated two theories of fraudulent concealment by the Navy to support equitable tolling of the statute of limitations. First, they claimed that the Navy committed "self-concealing fraud," *i.e.*, that the Navy "engage[d] in some misleading, deceptive or otherwise contrived action or scheme *in the course of committing the wrong*, that is designed to mask the existence of a cause of action." *Hobson v. Wilson*, 737 F.2d 1, 34 (D.C. Cir. 1984) (emphasis in original), *abrogated in part on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993). Second, appellants claimed that the Navy engaged in "active concealment" of wrongdoing separate from the wrongdoing itself — *i.e.*, that the Navy took "positive steps after commission of [its wrongdoing] to keep it concealed." *Id.* at 34 n.103 (cleaned up); *see also Sprint Commc'ns Co., L.P. v. FCC*, 76 F.3d 1221, 1226 (D.C. Cir. 1996) ("If the defendant's wrongs are not self-concealing . . . then the plaintiff must show that the defendant engaged in an act of concealment separate from the wrong itself." (cleaned up)).

The district court determined that appellants failed to provide any evidence that the Navy engaged in fraudulent concealment under either theory. First, the district court rejected appellant's argument that the Navy's secretive selection procedures, in themselves, constituted self-concealing fraud because the procedures made it "almost impossible" for applicants to uncover misconduct. J.A. 13 (cleaned up). The district court reasoned that the Navy's promotion policies and procedures are publicly known and were designed by Congress; they therefore are unlike the clandestine schemes hidden from public view that were cited by appellants.

Second, the district court rejected appellants' argument that Navy officials engaged in active concealment separate from the alleged wrongdoing by defending the promotion process, either in general or with respect to certain promotion decisions. The court noted that there was no evidence that the officials who generally defended the promotion process were aware of any alleged wrongdoing. Moreover, there was no evidence that officials' specific comments defending specific promotion decisions were false.

Finally, the district court rejected appellants' delayed-accrual argument — *i.e.*, the claim that appellants' injuries accrued not when they received the Navy's employment decisions, but when they discovered years later that those decisions were tainted by bias. The district court noted that the court had previously decided this issue in 2014; that the prior decision remained correct; and that the accrual issue was "arguably" not within the limited scope of the remand. J.A. 24 n.11.

Appellants filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II.

A plaintiff who seeks to toll the statute of limitations on a theory of fraudulent concealment bears the burden of showing that the defendant engaged in such conduct. *Sprint*, 76 F.3d at 1226. Whether a defendant engaged in fraudulent conduct is generally a question for the jury if it turns on a question of fact. *See Riddell v. Riddell Wash. Corp.*, 866 F.2d 1480, 1484 (D.C. Cir. 1989). Summary judgment is appropriate, however, where the plaintiff fails to identify enough evidence for a reasonable jury to find in favor of the plaintiff. *Stoe v. Barr*, 960 F.3d 627, 638 (D.C. Cir. 2020) ("If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . [T]here must be evidence on which the jury could reasonably find for the plaintiff." (cleaned up)). We review *de novo* the district court's grant of summary judgment on the equitable tolling issue. *See Riddell*, 866 F.3d at 1484–85; *Chung v. Dep't of Just.*, 333 F.3d 273, 278 (D.C. Cir. 2003).

The doctrine of equitable tolling "permits a court to pause a statutory time limit when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 507 (2017) (cleaned up). "Equitable tolling is appropriate only in rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen.*, 71 F.4th 51, 58 (D.C. Cir. 2023) (cleaned up). "Fraudulent concealment . . . tolls the running of the statute of limitations." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

## III.

The district court correctly granted summary judgment in favor of the Navy because appellants failed to identify any evidence that the Navy engaged in fraudulent concealment.

3

First, appellants fail to show that the Navy's promotion system is a self-concealing fraud. The Navy promotion system was created by Congress and its procedures are not secret. As the district court noted, the very policies that appellants challenge (*e.g.*, the use of secret ballots) are not "concealed from the public; they are published in the U.S. Code or Federal Register." J.A. 15. Although Congress imposed certain safeguards to protect the confidentiality of promotion-related discussions, the statutory scheme includes procedures for investigating and reviewing allegations of misconduct. *See* 10 U.S.C. § 628 (providing that the Secretary of the Navy may convene a special selection board to review promotion hearing, which is subject to judicial review); *id.* § 1552 (providing that the Secretary may correct a military record when "necessary to correct an error or remove an injustice"). Thus, appellants have not shown that the Navy promotion system itself is a "misleading, deceptive, or otherwise contrived . . . scheme . . . designed to mask the existence" of wrongdoing. *Hobson*, 737 F.2d at 34.

Nor are we persuaded by appellants' argument that the Navy engaged in self-concealing fraud by defending the fairness of the promotion system or specific promotion decisions. Appellants offered no evidence that the Navy officials who defended the promotion system knew of misconduct and nevertheless used their statements to hide wrongdoing, or that there was widespread illegal behavior in the first place.

Appellants' arguments to the contrary are unconvincing. They contend that the district court failed to consider evidence of systemic and individual "illegal" behaviors in the Navy promotional system. But the practices that appellants criticize — such as "zeroing out" (which allows one board member to submit a low score and thereby block a promotion) and "chaplains briefing other chaplains" (which means that each board member need not individually evaluate the candidate) — appear to concern flaws in the system unrelated to the *fraudulent concealment* of discrimination. Because the only issue before us is whether the statute of limitations should be tolled based on the "merits of the Plaintiffs' fraudulent concealment arguments," appellants' contentions are irrelevant. *Navy Chaplaincy III*, 2020 WL 11568892, at *3.

Second, appellants may not avoid the statute of limitations based on the delayed accrual of their claims, as the issue was not properly before the district court. Appellants' delayed-accrual arguments were rejected by the district court in 2014, and that ruling was not appealed. *Navy Chaplaincy I*, 69 F. Supp. 3d at 256–58 (holding that appellants' claims could "accrue no later than the date on which the policies and personnel actions on which they are based became final"); Brief for Appellants, *Navy Chaplaincy III*, 2020 WL 11568892 (D.C. Cir. Nov. 6, 2020) (No. 19-5204), 2020 WL 3893000. The 2014 ruling is the law of the case and is not subject to relitigation. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987) ("Under law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."). Moreover, appellants' delayed-accrual arguments are beyond the scope of the remand order, which only directed the district court to consider "the merits of the Plaintiffs' fraudulent concealment arguments." *Navy Chaplaincy III*, 2020 WL 11568892, at *3. The district court had "no power or authority to deviate from [its] mandate" on remand. *Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596–97 (D.C. Cir. 2001) (cleaned up). Similarly, appellants'

4

arguments on the merits of their discrimination claims were not relevant to the sole issue on remand — equitable tolling — and were not properly before the district court.

For the foregoing reasons, we affirm the judgment of the district court.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

### **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk